UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY MONCRIEF, LEILA MONCRIEF, individuals,<br><br>　　　　　　　　　　Plaintiffs,<br>　　vs.<br><br>WASHINGTON MUTUAL, F.A., et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 10CV350 DMS (RBB)<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Doc. 12.] |

**I.**

**BACKGROUND**

　　This matter comes before the Court on Plaintiffs' application for a temporary restraining order ("TRO") to prevent Defendants from foreclosing on or selling Plaintiffs' residence. Plaintiffs filed the instant motion and a First Amended Complaint ("FAC") on April 1, 2010, and served both on Defendants. Defendants filed an opposition to the motion. (Doc. 13.)

　　The FAC alleges the following claims for relief: (1) intentional misrepresentation, (2) fraudulent concealment, (3) breach of fiduciary duty, (4) constructive fraud, (5) quiet title, (6) violation of the Truth in Lending Act ("TILA"), and (7) violation of the Real Estate Settlement Procedures Act ("RESPA"). The FAC states Plaintiff Geoffrey Moncrief refinanced his primary residence on July 20, 2007, by obtaining a loan through Defendant Washington Mutual, using the broker services of Defendant La Jolla Finance. (FAC at ¶¶ 6-7.) Pursuant to the original Deed of Trust, California

Reconveyance Company was the original Trustee of Plaintiffs' property. (Defs'. RJN, Ex. 1.)[1] On October 27, 2009, California Reconveyance Company filed a Notice of Default and Election to Sell Plaintiffs' property. (*Id.* at Ex. 2.)

On February 1, 2010, California Reconveyance Company filed a Notice of Trustee's Sale scheduling a sale for February 22, 2010. (*Id.* at Ex. 3.) On February 12, 2010, Plaintiffs filed the instant lawsuit, and on February 16, 2010, Plaintiffs filed an application for a temporary restraining order. (Docs.1, 7.) That motion was later withdrawn, apparently due to a postponement of the trustee's sale. (Doc. 9.) According to Plaintiffs, the trustee's sale is now scheduled for April 8, 2010. (Pl. Mem. P. & A. 3.)

## II.

## DISCUSSION

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (noting that a temporary restraining order is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A party seeking injunctive relief under Federal Rule of Civil Procedure 65 must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999); *Roe v. Anderson*, 134 F.3d 1400, 1402 (9th Cir. 1998). "'These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'" *Roe*, 134 F.3d at 1402 (quoting *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 397 (9th Cir. 1992)); *accord Sun Microsystems*, 188 F.3d at 1119. "Thus, 'the greater the relative hardship to the moving party, the less

---

[1] Defendants' request for judicial notice is granted.

probability of success must be shown.'" *Sun Microsystems*, 188 F.3d at 1119 (quoting *National Ctr. for Immigrants Rights v. INS*, 743 F.2d 1365, 1369 (9th Cir. 1984)).

Here, Plaintiffs have shown a possibility of irreparable harm in the potential loss of their residence. However, Plaintiffs have not demonstrated either "a combination of probable success on the merits" of their claims, nor have they raised any serious questions about the merits of their claims. In the absence thereof, Plaintiffs are not entitled to a temporary restraining order.

### III.
### CONCLUSION

For these reasons, Plaintiffs' motion for temporary restraining order is denied.

**IT IS SO ORDERED.**

DATED: April 7, 2010

HON. DANA M. SABRAW
United States District Judge