# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| GEOFFREY MONCRIEF, LEILA MONCRIEF, individuals, | CASE NO. 10CV350 DMS (RBB) |
|---|---|
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| vs. | |
| WASHINGTON MUTUAL, F.A., et al., | **[Docket No. 16]** |
| Defendants. | |

This case comes before the Court on Defendants JP Morgan Chase Bank N.A. and California Reconveyance Company's motion to dismiss Plaintiffs' First Amended Complaint ("FAC"). Plaintiffs filed an opposition to the motion, and Defendants filed a reply. For the reasons discussed below, the Court grants Defendants' motion.

## I.

## BACKGROUND

On or about July 20, 2007, Plaintiff Geoffrey Moncrief refinanced the property located at 417 Sea Ridge Drive, La Jolla, California. (FAC ¶ 6.) Defendant La Jolla Finance brokered the loan and Defendant Washington Mutual, FA ("WaMu") financed the loan. (*Id.* ¶ 7.)

Plaintiff alleges he applied for a fixed rate mortgage with a 2.4% interest rate. (*Id.* ¶ 11.) As part of the application process, Plaintiff executed a release form that enabled Defendants La Jolla Finance and WaMu to obtain a copy of his tax returns. (*Id.* ¶ 15.) Plaintiff also told Defendant La

1  Jolla Finance about his monthly income. (*Id.* ¶ 17.) Plaintiff alleges Defendants did not obtain a copy
2  of his tax return, and thus did not learn that Plaintiff did not qualify for the loan. (*Id.*) Plaintiff also
3  alleges Defendant La Jolla Finance did not use the monthly income Plaintiff provided, but instead
4  inflated Plaintiff's monthly income so he would qualify for a different loan. (*Id.*)

5        Plaintiff alleges Defendants La Jolla Finance and WaMu "conspired" to place Plaintiff into
6  a loan that was more expensive than the one he applied for to increase their profit on the transaction.
7  (*Id.* ¶ 9.) Plaintiff alleges Defendant WaMu enticed Defendant La Jolla Finance to place Plaintiff into
8  the more expensive loan through payment of an unlawful yield spread premium. (*Id.* ¶ 10.) As part
9  of the ruse, Defendant La Jolla Finance misrepresented to Plaintiff the affordability of the loan and
10 the amount of the monthly payments. (*Id.* ¶¶ 19-20.) It also provided Plaintiff with an inaccurate
11 Good Faith Estimate. (*Id.* ¶ 18.)

12       The loan Plaintiff ultimately received was not a fixed rate loan, but rather was an adjustable
13 rate mortgage, and the interest rate was much higher than 2.4%. (*Id*. ¶¶ 8, 11, 13.) As a result,
14 Plaintiff began having difficulty making his monthly payments. (*Id.* ¶ 25.) As a result, Defendant
15 California Reconveyance Company ("CRC") recorded a Notice of Default against Plaintiff's property
16 on October 27, 2009. (*Id.* ¶ 26.)

17       After the loan closed, but before the Notice of Default was recorded, Defendant WaMu failed
18 and was placed into receivership with the Federal Deposit Insurance Corporation ("FDIC"). On
19 September 25, 2008, Defendant JPMorgan Chase ("JPMorgan") entered into a Purchase and
20 Assumption Agreement ("PAA") with the FDIC pursuant to which JPMorgan purchased certain assets
21 of Defendant WaMu, including Plaintiff's mortgage. (*See* Defs.' Req. for Judicial Notice in Supp. of
22 Mot., Ex. 4.)[1] Defendant JPMorgan assumed certain liabilities of Defendant WaMu, subject to the
23 following:

24       Notwithstanding anything to the contrary in the Agreement, any liability associated
      with borrower claims for payment of or liability to any borrower for monetary relief,
25       or that provide for any other form of relief to any borrower, whether or not such
      liability is reduced to judgment, liquidated or unliquidated, fixed or contingent,
26       matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-

27
28     [1] The Court takes judicial notice of this document pursuant to Federal Rule of Evidence 201. *See Peruta v. Country of San Diego*, 678 F.Supp.2d 1046, 1054 n.8 (S.D. Cal. 2010) (stating court may properly take judicial notice of documents appearing on governmental website).

> judicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by [WaMu] prior to failure, or to any loan made by a third party in connection with a loan which is or was held by [WaMu], or otherwise arising in connection with [WaMu's] lending or loan purchase activities are specifically not assumed by [JPMorgan].

(*Id.* ¶ 2.5.) Plaintiff alleges Defendant JPMorgan is liable in this case as "the successor in interest to Defendant Washington Mutual." (FAC ¶ 42.)

Plaintiff Geoffrey Moncrief and his wife, Leila Moncrief, filed the present case on February 12, 2010. After Defendants JPMorgan and CRC filed a motion to dismiss, Plaintiffs filed a First Amended Complaint, along with a motion for a temporary restraining order ("TRO") to halt the foreclosure sale of their property. The Court denied Plaintiff's motion for a TRO, after which Defendants JPMorgan and CRC filed a motion to dismiss the FAC. Plaintiffs thereafter filed a motion for a preliminary injunction to again prevent the foreclosure sale of their property, which the Court denied.

The FAC alleges seven claims for relief: (1) intentional misrepresentation, (2) fraudulent concealment, (3) breach of fiduciary duty, (4) constructive fraud, (5) quiet title, (6) violation of the Truth in Lending Act ("TILA"), and (7) violation of the Real Estate Settlement Procedures Act ("RESPA").

## II.

## DISCUSSION

Defendants move to dismiss the FAC in its entirety. They raise several arguments in support of their motion to dismiss, most notably, that the PAA relieves them of any liability for WaMu's conduct. The Court addresses these arguments below.

**A.    Standard of Review**

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility

///

1  when the plaintiff pleads factual content that allows the court to draw the reasonable inference that
2  the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).
3       "Determining whether a complaint states a plausible claim for relief will ... be a context-
4  specific task that requires the reviewing court to draw on its judicial experience and common sense."
5  *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this
6  task "by identifying the allegations in the complaint that are not entitled to the assumption of truth."
7  *Id.* at 1951. It then considered "the factual allegations in respondent's complaint to determine if they
8  plausibly suggest an entitlement to relief." *Id.* at 1951.

**B.  Defendant JPMorgan**

10       As stated above, the PAA limits JPMorgan's liability for certain claims against WaMu.
11  Specifically, JPMorgan did not assume any liability for borrower claims "related in any way to any
12  loan or commitment to lend made by [WaMu] prior to failure, ... or otherwise arising in connection
13  with [WaMu's] lending or loan purchase activities ...." (*See* Defs.' Req. for Judicial Notice in Supp.
14  of Mot., Ex. 4 ¶ 2.5.) Liability for those claims rests with the FDIC. *See Yeomalakis v. Federal
15  Deposit Ins. Corp.*, 562 F.3d 56, 60 (1st Cir 2009) (stating FDIC is appropriate party in interest for
16  claim against WaMu's credit card practices). Accordingly, Plaintiffs' claims against Defendant
17  JPMorgan are dismissed. *See Molina v. Washington Mutual Bank*, No. 09-CV-00894-IEG (AJB),
18  2010 WL 431439, at *3-5 (S.D. Cal. Jan. 29, 2010) (dismissing claims against JPMorgan in light of
19  PAA); *Federici v. Monroy*, No. C 09-4025 PVT, 2010 WL 1345276, at *1 (N.D. Cal. Apr. 6, 2010)
20  (same).

**C.  Defendant CRC**

22       The Court also dismisses Plaintiffs' claims against Defendant CRC for failure to set forth facts
23  supporting its liability. The only facts in the FAC relating to Defendant CRC are that it "recorded a
24  Notice of Default (hereinafter 'NOD') against the Property on October 27, 2009[,]" (FAC ¶ 26), and
25  that Plaintiffs' loan eventually "fell under a service contract with Defendant [CRC], as Trustee on the
26  Deed in Trust and as trustee for unknown noteholder(s)." (*Id.* ¶ 43.) Neither of these allegations
27  "allows the court to draw the reasonable inference that the defendant is liable for the misconduct
28  / / /

1 alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). Accordingly, Plaintiffs' claims against Defendant CRC are also dismissed.[2]

### III.

### CONCLUSION AND ORDER

For these reasons, the Court grants Defendants' motion to dismiss. Defendants JPMorgan and CRC are hereby dismissed from this case without prejudice. Plaintiffs are granted leave to file a Second Amended Complaint that cures the pleading deficiencies set out in this Order. Plaintiffs are cautioned that if their Second Amended Complaint does not cure these deficiencies, their claims will be dismissed with prejudice and without leave to amend. The Second Amended Complaint shall be filed on or before July 2, 2010.

**IT IS SO ORDERED**.

DATED: June 28, 2010

_____
HON. DANA M. SABRAW
United States District Judge

---

[2] In light of these conclusions, the Court declines to address the balance of Defendants' arguments.